```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION



JIMMY L. SMITH                   ]
     Petitioner,                 ]
                                 ]
v.                               ]         No. 3:06-0105
                                 ]
TOMMY MILLS, WARDEN              ]
     Respondent.                 ]
```

To:  Honorable Robert L. Echols, United States District Judge


### R E P O R T  A N D  R E C O M M E N D A T I O N

By an order (Docket Entry No.8) entered April 5, 2006, the Court referred this action to the Magistrate Judge "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 304, L.R.M.P."

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No.6), to which the petitioner has offered no reply. The undersigned has reviewed the Motion to Dismiss and the record in this case and has concluded, for the reasons stated below, that respondent's Motion should be granted and this action be dismissed.


### I. BACKGROUND

The petitioner, proceeding pro se, is an inmate at the

1

Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tommy Mills, Warden of the prison, seeking a writ of habeas corpus.[1]

On November 1, 1988, a jury in Davidson County found the petitioner guilty of aggravated kidnaping, aggravated rape, and two counts of aggravated sexual battery. For these crimes, he received an aggregate sentence of life imprisonment plus twenty five (25) years.[2] On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No.6; Attachment No.1. The Tennessee Supreme Court later denied the petitioner's application for further review.

In January, 2004, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. That petition was summarily dismissed as untimely. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.6; Attachment No.2. No further review of the convictions was sought in the state courts.

---

[1] At the time this action was filed, the petitioner was confined at the West Tennessee State Penitentiary where David Mills was his custodian. The petitioner, however, has since been transferred to his present place of confinement where Tommy Mills is Warden. *See* Docket Entry No.9.

[2] The petitioner received concurrent sentences of life imprisonment for aggravated kidnaping and aggravated rape, to be served consecutively with concurrent sentences of twenty five years for each count of aggravated sexual battery.

2

## II. PROCEDURAL HISTORY

On August 31, 2004, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief in the Western District of Tennessee. By an order (Docket Entry No. 2) entered January 26, 2006, the petition was transferred to this judicial district for adjudication.

In the petition, the petitioner seems to only be challenging his life sentence for aggravated rape. Docket Entry No.1 at pg. 1. More specifically, the petitioner has asserted an ex post facto claim and argues that the sentence should be "vacated due to the mandates of the 1989 Sentencing Reform Act." Id, at pg. 5.[3] Upon review of the petition, the Court determined that the petitioner had stated a colorable claim for relief. Accordingly, by an order (Docket Entry No.4) entered on February 27, 2006, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No.6) the petition, to which there has been no reply. Having carefully considered this pleading and the record, it appears that an evidentiary hearing

---

[3] The petition is not very coherent and does mention several different convictions. But to the extent that the petitioner may be seeking to have sentences from an earlier criminal proceeding (87-F-1868;Davidson County Criminal Court) vacated, any claims regarding those convictions must be raised in a separate petition. Rule 2(e), Rules - - - § 2254 Cases.

3

is not needed in this matter. *See* Smith v. United States, 348 F.3d 545,550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. TIMELINESS OF THE PETITION

**A.) Statute of Limitation**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Consequently, a prisoner in custody pursuant to the judgment of a state court generally has one year from the date his judgment becomes final in which to file a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d).[4]

The petitioner was found guilty on November 1, 1988. The limitation period will normally run from "the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review." 28 U.S.C. §

---

[4] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

4

2244(d)(1)(A). The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

A direct appeal of the conviction in the state courts was concluded on March 5, 1990, the date that the Tennessee Supreme Court denied petitioner's application for further review. *See* Docket Entry No.6; Attachment No.1. Adding ninety (90) days to this date, the petitioner's conviction became final on June 3, 1990. For habeas corpus claims arising prior to the enactment of § 2244(d), habeas petitioners were allowed one year from the date the Antiterrorism and Effective Death Penalty Act was enacted in which to file. Brown v. O'Dea, 187 F.3d 572, 576-577 (6th Cir. 1999). Therefore, the petitioner had through April 24, 1997 in which to file the instant action. The petition was not filed until August 31, 2004, well beyond the one year period of limitation.

**B.) Statutory Tolling of the Limitation Period**

It must be noted that the limitation period is tolled during the time that a *properly filed* application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this regard, the petitioner did file a petition for post-conviction relief in the Criminal Court of Davidson County. That

5

petition, however, was not filed until January 24,2004, almost seven years after the limitation period had already expired.[5] Thus, petitioner's post-conviction filing had no tolling effect. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003). Therefore this action is untimely and subject to dismissal.

**C.) Equitable Tolling of the Limitation Period**

The period of limitation does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), cert denied, 534 U.S. 1057 (2001).[6] The doctrine of equitable tolling, however, should be applied sparingly. Id., at pg. 1008. To determine whether equitable tolling would be appropriate in this case, the Court is obliged to consider five factors. These factors include (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) the absence of prejudice to the respondent, and (5) petitioner's reasonableness in remaining ignorant of the legal

---

[5] The date for the filing of the post-conviction petition is found in the post-conviction opinion of the Tennessee Court of Criminal Appeals. Docket Entry No.6; Attachment No.2.

[6] Dunlap involves the equitable tolling of the limitation period for the filing of a motion pursuant to 28 U.S.C. § 2255. Its holding, however, was made applicable to "..... habeas and all other cases....". Dunlap at pg. 1009.

6

requirement for filing his claim. <u>McClendon v. Sherman</u>, 329 F.3d 490, 494 (6th Cir. 2003).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. <u>Id</u>. In this case, the petitioner has addressed the question of timeliness by stating simply that he "does not face any 'Time Bar' sanctions due to the standards of Ex Post Facto Laws." Docket Entry No.1 at pg. 2. He has in no way demonstrated why he should be excused for bringing this action more than eight years after the limitation period had expired. Therefore, an equitable tolling of the limitation period would not be appropriate in this instance.

**R E C O M M E N D A T I O N**

Upon careful consideration of respondent's Motion to Dismiss (Docket Entry No.6) and the record in this case, it appears that the instant action is subject to dismissal because the petition is untimely. Accordingly, the undersigned respectfully RECOMMENDS that the respondent's Motion should be granted and this action be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is

7

made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                         Respectfully submitted,

                                           _____
                                           E. Clifton Knowles
                                           United States Magistrate Judge